USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSUE CABRERO-GONZALEZ,

Plaintiff,

-against-

WELLPATH; DR. UYOAH; DR. NORTON,

Defendants.

26-CV-5973 (NSR)

**ORDER OF SERVICE**

NELSON S. ROMÁN, United States District Judge:

Plaintiff, a pretrial detainee currently incarcerated at the Westchester County Jail in Valhalla, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. The Court liberally construes the complaint as asserting additional claims under New York law, namely, common law claims of negligence and medical malpractice, as well as statutory claims under New York Civil Rights Law § 85 and the New York Human Alternatives to Long-Term ("HALT") Solitary Confinement Act, N.Y. Corr. L. §§ 2(33) and 137(6)(h). Plaintiff names as defendants: (1) Wellpath, the private medical provider for the Westchester County Jail; (2) Dr. Uyoah, a medical director at Wellpath; and (3) Dr. Norton, a mental health director at Wellpath. He seeks $30 million in monetary relief.

By order dated July 29, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons that follow, the Court: (1) dismisses all claims against Uyoah and Norton, for failure to state a claim, with 30 days' leave to replead; (2) dismisses the Section 1983 claim against Wellpath, for failure to state a claim, with 30 days' leave to replead; and (3) directs service on Wellpath as to Plaintiff's remaining claims

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

under New York law, which the Court construes as arising under the court's diversity jurisdiction, 28 U.S.C. § 1332.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must

determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[2] On May 25, 2026, after an altercation with a correction officer, Wellpath's mental health staff evaluated Plaintiff and cleared him for placement in the jail's Special Housing Unit ("SHU"). Plaintiff contends that because he has a mental health diagnosis, he should have been categorically excluded from SHU.[3] Wellpath evaluated Plaintiff twice more that day, and it cleared him for SHU confinement both times. (ECF No. 1, at 7.)

While in SHU that night, Plaintiff suffered a mental breakdown and, as a result, engaged in an act of self-harm, causing a serious injury to his right wrist and arm. Wellpath staff thereafter directed that Plaintiff be placed on suicide watch but nevertheless cleared him for further SHU confinement. A Wellpath nurse also evaluated Plaintiff's wrist injury and took photos of it, but "no action was taken and [Plaintiff] was left in the cell in [extreme] pain." (*Id.*)

On the next day, May 26, 2026, Wellpath took x-rays of Plaintiff's wrist and hand. Wellpath mental health staff subsequently evaluated Plaintiff, terminated his suicide watch, and cleared him for further confinement in SHU. Later that day, Plaintiff was sent to an outside hospital to be "evaluated and treated for a broken wrist." (*Id.*)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff's assertion that his mental health diagnosis should have prevented him from being placed in SHU is likely premised on New York's Humane Alternatives to Long-Term Solitary Confinement ("HALT") Act, which generally prohibits correctional facilities in New York from subjecting any person with a disability to segregated confinement. *See* N.Y. Corr. L. §§ 2(33), 137(6)(h).

On May 28, 2026, and again on June 1, 2026, Plaintiff informed Wellpath medical staff that his prescribed Tylenol was ineffective for pain relief and requested a cover for his cast so that he could shower. No action was taken as to either request. (*Id.*)

On June 4, 2026, Plaintiff submitted a grievance to Sgt. Sorrentino, who, in response, provided Plaintiff with a cast cover. No action was taken with regard to Plaintiff's pain medication. (*Id.*)

On the night of June 6, 2026, Plaintiff awoke with belly pain and rectal bleeding. Plaintiff informed a correction officer of his condition, and the officer contacted Wellpath's medical department. A Wellpath nurse reportedly told the correction officer that Plaintiff should submit a sick call request. (*Id.*)

On June 8, 2026, Nurse Practitioner Alison told Plaintiff that he would have another set of x-rays taken the following day. When that did not happen, on June 12, 2026, Plaintiff inquired about the situation with Sgt. Sorrentino, who reportedly believed that Plaintiff should be taken to an outside hospital because his cast had broken. Wellpath's on-call doctor, however, denied the request for outside medical care and simply re-wrapped Plaintiff's cast. (*Id.* at 8.)

On June 16, 2026, Wellpath took another set of x-rays and subsequently sent Plaintiff to the hospital for further treatment. Plaintiff explains:

> The next day, I was seen by the orthopedic doctor at Westchester Medical who tried to put the bone back and was unable to do it. He told me that the jail took too long to treat the injury and that I will require surgery to fix it. On 6-16-26, the jail's hand doctor confirmed the diagnosis."[4]

(*Id.*)

[4] While the complaint appears to continue, it also appears that a page or pages of Plaintiff's narrative are missing.

## DISCUSSION

### A. Defendants Uyoah and Norton

Plaintiff names Drs. Uyoah and Norton as defendants in this action, but in the complaint, he makes no allegations whatsoever against any of them.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Drs. Uyoah and Norton were personally involved in the events underlying his claims. Plaintiff's Section 1983 claims against Drs. Uyoah and Norton are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, because Plaintiff makes no allegations at all against Drs. Uyoah or Norton, he fails to state a claim against them under any other law. Accordingly, the Court dismisses all claims against Drs. Uyoah and Norton, for failure to state a claim, with 30 days' leave to replead, as more fully set forth below.

**B. Defendant Wellpath**

Plaintiff asserts claims, including a claim under Section 1983, against Wellpath, the private medical provider for the Westchester County Jail.

To state a Section 1983 claim against a municipality or municipal entity, a plaintiff must allege facts suggesting (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). This same standard applies to private employers of state actors, such as Wellpath. *See Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their [state-actor] employees, unless the plaintiff proves that 'action pursuant to official . . . policy of some nature caused a constitutional tort.'"); *see also Bess v. City of New York*, No. 11-CV-7604 (TPG), 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013) ("In providing medical care in prisons, [a private medical contractor] performs a role traditionally within the exclusive prerogative of the state and therefore, in this context, is the functional equivalent of the municipality."); *Mercado v. City of New York*, No. 08-CV-2855 (BSJ) (HP), 2011 WL 6057839, at *7 n.10 (S.D.N.Y. Dec. 5, 2011) ("Corporate entities like [private medical providers] are treated the same as a municipality when performing the public function of running a jail.").

A plaintiff may satisfy the policy or custom requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

In this action, Plaintiff describes numerous incidents of harm—namely, allegedly unlawful segregated confinement, which caused a period of mental decompensation, which in turn caused an incident of serious self-harm, for which he received inadequate medical care—all of which he attributes to certain Wellpath employees. Plaintiff alleges no facts, however, from which the Court can infer that it was Wellpath's policies, practices, or customs that caused the violation of his rights. Because Plaintiff fails to state a Section 1983 claim against Wellpath, the Court dismisses that claim, with 30 days' leave to replead, as more fully set forth below.

**C. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims against Wellpath, Uyoah, Norton, or other specifically named Wellpath employees who were involved in the facts underlying Plaintiff's claims, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. If Plaintiff files an amended complaint, he should include all facts that he wishes the Court to consider and names as defendants all persons or entities who were personally involved in violating his rights.

**D. Service on Defendant Wellpath**

The Court has dismissed all claims against Drs. Uyoah and Norton, and it has dismissed the Section 1983 claim against Wellpath. Because it appears from the face of the complaint (and from court records from which the Court can take judicial notice) that Plaintiff and Wellpath likely have diverse citizenship and that Plaintiff appears to have satisfied the jurisdictional amount in controversy at this stage, the Court construes Plaintiff's state-law claims against Wellpath as arising under the court's diversity jurisdiction, 28 U.S.C. § 1332. *See* Brief of Appellee, Wellpath LLC, *Jones v. Wellpath LLC*, No. 22-2445, 2022 WL 16856139, at *18 (8th Cir. Nov. 1, 2022) (asserting that Wellpath LLC is incorporated in Delaware and has its principal place of business in Tennessee).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary

to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Wellpath through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Wellpath. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Wellpath.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Dr. Uyoah and Dr. Norton, for failure to state a claim, with 30 days' leave to replead. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also dismisses Plaintiff's Section 1983 claims against Wellpath, for failure to state a claim, with 30 days' leave to replead. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court construes Plaintiff's claims against Wellpath under New York law as arising under its diversity jurisdiction, 28 U.S.C. §1332.

An "Amended Complaint" form is attached to this order.

The Clerk of Court is instructed to issue a summons for Defendant Wellpath, complete the USM-285 form with the two addresses for Defendant Wellpath, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service

of the complaint, Defendant Wellpath must serve responses to these standard discovery requests. In their responses, Defendant Wellpath must quote each request verbatim.[5]

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED:

Dated: July 31, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

[5] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**SERVICE ADDRESS FOR DEFENDANT**

1. Wellpath
6550 Carothers Parkway, Suite 500
Franklin, TN 37067

2. Wellpath
Westchester County Department of Correction
10 Woods Road
Valhalla, NY 10595

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

____________________________________________

____________________________________________

Write the full name of each plaintiff.

-against-

____________________________________________

____________________________________________

____________________________________________

____________________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write “see attached” in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________

(Include case number if one has been assigned)

**AMENDED**

# COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes ☐ No

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual’s full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual’s birth; a minor’s initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_______________________________ _______________________________

Dated Plaintiff's Signature

_______________________________________________________________

First Name Middle Initial Last Name

_______________________________________________________________

Prison Address

_______________________________________________________________

County, City State Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ______________